# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| LUCIANO YINS, | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | )  No.: 18-cv-4004-MMM |
| | ) |
| STEPHANIE DORETHY, et.al., | ) |
| | ) |
| **Defendants.** | ) |

## MERIT REVIEW - AMENDED COMPLAINT

Plaintiff, proceeding *pro se,* and currently at the Illinois River Correctional Center, files an amended complaint under § 1983 alleging unconstitutional conditions of confinement at the Hill Correctional ("Hill"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### ALLEGATIONS

On May 9, 2018, the Court conducted a merit review of Plaintiff's complaint. It found that Plaintiff had stated a credible conditions of confinement claim against Warden Dorothy for allegedly operating a firing range so close to the prison that it placed inmates in peril. The Court

dismissed the claims against Defendants Toops, Pederson, Gibbs, Brentice, Allen and Sanford with leave to replead.

It in his amended complaint, Plaintiff realleges that Defendant Stephanie Dorethy allowed a firing range, used by prison officers, to operate within 30 yards of the prison. Plaintiff claims that there was only a dirt mound which separated the firing range from the facility and that the bullets ricocheted in the direction of the inmates. While it is not clear that any prisoners were injured, Plaintiff claims that the prisoners protested "getting hit by flying bullets."

Plaintiff also pleads an unrelated matter which occurred on September 6, 2017 and which continued for four days thereafter. On that date, the Hill plumbing supervisor turned off the water in part of the facility to fix a leaking sprinkler system. The water was turned back on at 10:30 that morning but, for unknown reasons, water was not restored to Plaintiff's cell #B-78. Plaintiff complained to Defendant Officers Toops and Pederson who worked the 7-3 a.m. shift. Defendants told him they would take care of the problem. Plaintiff asserts that when Defendants Toops and Pederson left work that day, water still had not been restored to his cell.

Plaintiff reveals that at some point on September 6, 2017, the inmates undertook a protest of the proximity of the firing range. While Plaintiff gives no details, it appears that it was significant enough that the facility was placed on lock-down. It is unclear whether the lockdown contributed to any delay in fixing of the plumbing issue.

On the following day, September 7, 2017, Plaintiff complained again to Defendants Toops and Pederson. In response, they told Plaintiff that they had twice informed Lieutenant Brentise and had also told the plumbers. Plaintiff also reported the problem to Defendant Allen on the afternoon of September 7, 2017. Defendant Allen promised to follow-up after serving the prisoners' meals but apparently failed to do so. Later, Plaintiff asked another individual,

2

believed to be Officer Stevens, not named as a party, to call a "white shirt." The Court believes this to be a reference to a superior officer. Officer Stevens apparently notified Defendant Lieutenant Gibbs, who arrived, some three hours later and verified that there was no water in Plaintiff's cell.

The following morning Friday, September 8, 2017, a plumber came to Plaintiff's cell and, temporarily at least, fixed the issue. Plaintiff claims, however, that approximately 1 ½ hours later, he was again without water. At 2:30 that afternoon, Plaintiff advised Defendant McLaughlin of the issue. Defendant McLaughlin indicated he would take care of the matter, but Plaintiff did not see him for the remainder of the shift. At some point it appears that the problem was fixed as Plaintiff alleged in the original complaint that the water was restored September 10, 2017. In addition to naming the correctional officers, Plaintiff names Engineer Sanford though he does not direct any allegations against him.

Plaintiff asserts that he told all of the Defendants that he had particular need for running water as he had a urostomy bag which had to changed every few hours.[1] Plaintiff asserts that the inability to wash himself when changing the bag created an unsanitary environment in which he feared he would develop an infection.

The Eighth Amendment prohibits punishments that are incompatible with "evolving standards of decency that mark the progress of a maturing society." *Trop v. Dulles*, 356 U.S. 86, 101 (1958). Not all prison conditions trigger Eighth Amendment scrutiny—only deprivations of basic human needs like food, medical care, sanitation, and physical safety. *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981). "In order to violate the Constitution, deprivations must be

---

[1] "A urostomy is an opening in the belly (abdominal wall) that's made during surgery. It re-directs urine away from a bladder that's diseased or not working as it should." *See* https://www.cancer.org/content/cancer/en/treatment/treatments-and-side-effects/treatment-types/surgery/ostomies/urostomy/what-is-urostomy.html.

'unquestioned and serious' and contrary to 'the minimal civilized measure of life's necessities'. Mere discomfort and inconvenience do not implicate the Constitution"; and "it is well-settled that conditions which are temporary and do not result in physical harm are not actionable under the Eighth Amendment." *Jihad v. Wright*, 124 F.3d 204 at *2 (7th Cir. 1997) (internal citations omitted).

As the Court previously noted, the claims that bullets from the firing range ricocheted off the walls of the prison state a credible claim against Defendant Dorethy for unconstitutional conditions of confinement. Plaintiff's claims regarding the lack of running water in his cell, however, are unrelated, directed against other individuals, and are mis-joined with the underlying claim. This is so as, "defendants are properly joined in a single action only if they are parties to a single transaction or occurrence common to all defendants, and the claims against them involve a common question of fact or law." *Ghashiyah v. Frank*, No. 05-0766, 2008 WL 680203, at *2 (E.D. Wis. Mar. 10, 2008). *See also, George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007), "[u]nrelated claims against different defendants belong in different suits." In other words, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."

The conditions of confinement claims against Defendants Toops, Pederson, Allen, Gibbs, Brentise and McLaughlin are DIMISSED for misjoinder without prejudice to Plaintiff filing a separate cause of action for this claim. Plaintiff names Engineer Sanford but fails to plead any allegations against him. Merely naming a defendant in the caption is insufficient to state a claim. *Jones v. Butler,* No. 14-00846, 2014 WL 3734482 *2 (S.D. Ill. July 29, 2014) citing *Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir.1998). Defendant Sanford is DISMISSED as well.

4

**IT IS THEREFORE ORDERED:**

Plaintiff's amended complaint is DISMISSED to the extent that it alleges a conditions of confinement claim against Defendants Toops, Pederson, Allen, Gibbs, Brentise, McLaughlin and Sanford. If Plaintiff wishes to proceed against these Defendants, he must file a separate action with responsibility for the additional filing fee. Defendants Toops, Pederson, Allen, Gibbs, Brentise, McLaughlin and Sanford are DISMISSED. This case proceeds against Defendant Dorethy only.

7/16/2019
ENTERED

s/Michael M. Mihm
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE